## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| CHINOOK THERAPEUTICS, INC., ERIC | ) | **FEDERAL SECURITIES LAWS** |
| DOBMEIER, SRINIVAS AKKARAJU, | ) | |
| ROBERT W. AZELBY, JEREL DAVIS, | ) | JURY TRIAL DEMANDED |
| WILLIAM M. GREENMAN, MICHELLE | ) | |
| GRIFFIN, MAHESH KRISHNAN, and | ) | |
| DOLCA THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1.     Plaintiff brings this action against Chinook Therapeutics, Inc. ("Chinook" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Novartis AG (Novartis").[1]

2.     On June 11, 2023, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

(the "Merger Agreement") with Novartis and Novartis's wholly owned subsidiary, Cherry Merger Sub, Inc. ("Merger Sub").  The Merger Agreement provides that Company stockholders will receive $40.00 in cash and one contingent value right ("CVR") for each share of Chinook common stock owned.[2]

3.      The Company's corporate directors subsequently authorized the July 10, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the

---

[2] Each CVR represents a contractual right to receive contingent cash payments worth up to an aggregate amount of $4.00 (collectively, the "Milestone Payments") upon the achievement of certain milestones related to Chinook's pipeline candidate, atrasentan (collectively, the "Milestones").

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for August 2, 2023.

defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Chinook common stock.

10. Defendant Chinook is a Delaware corporation with its principal executive offices located at 400 Fairview Avenue North, Suite 900, Seattle, Washington 98109. Chinook's shares trade on the Nasdaq Global Select Market under the ticker symbol "KDNY." Chinook is a clinical-stage biopharmaceutical company focused on discovering, developing, and commercializing precision medicines for kidney diseases. The Company's pipeline is focused on rare, severe chronic kidney diseases with well-defined clinical pathways. The Company's lead clinical program is atrasentan, a phase 3 endothelin receptor antagonist for the treatment of IgA nephropathy and proteinuric glomerular diseases. Chinook's pipeline also

includes zigakibart (BION-1301), an anti-APRIL monoclonal antibody, is being evaluated in a phase 1/2 trial for IgA nephropathy, and CHK-336, an oral small molecule LDHA inhibitor for the treatment of hyperoxalurias, is in phase 1 development.

11.     Defendant Eric Dobmeier is and has been President, Chief Executive Officer, Chairman of the Board, and a director of the Company at all times relevant hereto.

12.     Defendant Srinivas Akkaraju is and has been a director of the Company at all times relevant hereto.

13.     Defendant Robert W. Azelby is and has been a director of the Company at all times relevant hereto.

14.     Defendant Jerel Davis is and has been Lead Director of the Company at all times relevant hereto.

15.     Defendant William M. Greenman is and has been a director of the Company at all times relevant hereto.

16.     Defendant Michelle Griffin is and has been a director of the Company at all times relevant hereto.

17.     Defendant Mahesh Krishnan is and has been a director of the Company at all times relevant hereto.

18.     Defendant Dolca Thomas is and has been a director of the Company at all times relevant hereto.

19.     Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20.     On June 12, 2023, the Company announced in relevant part:

SEATTLE, June 12, 2023 (GLOBE NEWSWIRE) -- Chinook Therapeutics, Inc. (Nasdaq: KDNY), a biopharmaceutical company focused on the discovery, development and commercialization of precision medicines for kidney diseases, today announced that it has entered into an agreement and plan of merger with Novartis AG pursuant to which Novartis will acquire Chinook for $40 per share in cash, or a total of $3.2 billion. This offer represents a premium of 83 percent to Chinook's 60-day volume-weighted average stock price and 67 percent to Chinook's closing price on June 9, 2023.  In addition, Chinook shareholders will receive contingent value rights (CVRs) providing for payment of up to $4 per share upon the achievement of certain future regulatory milestones with respect to Chinook's lead product candidate, atrasentan.  Total consideration including the contingent value right, if the milestones are achieved, would be approximately $3.5 billion.  The transaction has been unanimously approved by the Boards of Directors of both companies.

"We are pleased that Novartis recognizes the significant value that the Chinook team has built with our pipeline of clinical and preclinical programs for patients with rare, severe chronic kidney diseases," said Eric Dobmeier, president and chief executive officer of Chinook Therapeutics.  "We believe this transaction is great news for kidney disease patients and the programs we have built at Chinook.  Through this merger, Novartis can apply its substantial resources to pursue broader development efforts and commercialization of atrasentan, zigakibart (BION-1301) and other programs in our pipeline to build its global renal therapeutic area."

Completion of the transaction is expected in the second half of 2023, pending approval by Chinook's stockholders and satisfaction of other customary closing conditions.  Until that time, Chinook will continue to operate as a separate and independent company.

Centerview Partners LLC and MTS Health Partners, L.P. are serving as financial advisors, and Fenwick & West LLP is serving as legal counsel to Chinook.

### Transaction Details

Under the terms of the merger agreement, Novartis will acquire all of the outstanding shares of Chinook through a subsidiary for a price of $40 per share in cash at closing.  The CVRs to be issued to Chinook shareholders will provide for payments of up to an additional $4 per share with respect to specific

regulatory approvals for atrasentan, $2 of which is related to IgA nephropathy and $2 of which is related to focal segmental glomerulosclerosis. The closing of the proposed transaction is subject to certain conditions, including approval by Chinook's stockholders, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. A copy of the merger agreement will be filed with the Securities and Exchange Commission ("SEC") and will be publicly available.

### The Materially Incomplete and Misleading Proxy Statement

21.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on July 10, 2023  The Proxy Statement, which recommends that Chinook stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Chinook's financial forecasts; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisor Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Company insiders.

***Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company***

22.     The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including Company management's non-risk-adjusted projections.[4]

23.     The Proxy Statement also fails to disclose the line items underlying the Company's forecasted Total Adjusted Gross Profit and Unlevered Free Cash Flows.

***Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses***

24.     The Proxy Statement fails to disclose material information concerning BofA's financial analyses.

---

[4] *See* Proxy Statement at 44.

25.     With respect to the *Analysis of Consideration* performed by Centerview, the Proxy Statement fails to disclose Chinook management's assessment as to the probability and timing of achieving the Milestones and realizing the Milestone Payments.

26.     With respect to the Discounted Cash Flow Analysis performed by Centerview, the Proxy Statement fails to disclose: (a) the Company's estimated federal net operating losses and estimated future losses; (b) the Company's terminal values; (c) its estimated cash balance as of June 30, 2023; and (d) Chinook's fully diluted shares outstanding.

27.     With respect to the *Selected Publicly Traded Companies Analysis* performed by Centerview, the Proxy Statement fails to disclose the respective financial metrics of the companies observed.

28.     With respect to *Analyst Price Targets* analysis performed by Centerview, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

29.     With respect to *Precedent Premium Paid Analysis* performed by Centerview, the Proxy Statement fails to disclose the identities of the transactions analyzed and the individual premiums observed for each.

***Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest***

30.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of the Novartis' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31.     The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

32.     The omission of the above-referenced information renders statements in the "Certain Chinook Unaudited Prospective Financial Information," "Opinion of Centerview Partners LLC," "Interests of Chinook's Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Chinook**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Chinook is liable as the issuer of these statements.

36.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Chinook within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Chinook and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  July 13, 2023                              **LONG LAW, LLC**

By:   */s/ Brian D. Long*
        Brian D. Long (#4347)
        3828 Kennett Pike, Suite 208
        Wilmington, DE 19807
        Telephone: (302) 729-9100
        Email: BDLong@LongLawDE.com

        *Attorneys for Plaintiff*